UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATTITUDE WELLNESS LLC,

Plaintiff,

v.

THE VILLAGE OF PINCKNEY,

Defendant.

_____/

Case No. 21-cv-12021

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER AND OPINION GRANTING THE MEANS PROJECT'S MOTION TO INTERVENE [#13]

### I. INTRODUCTION

On November 1, 2021, The Means Project, LLC filed a Motion to Intervene in the present action between Attitude Wellness, LLC d/b/a Lume ("Lume") and the Village of Pinckney ("the Village").  ECF No. 13, PageID.273.  The Means Project requests the Court grant intervention of right under Rule 24(a) because of its interest in the Village's retail cannabis license.  *Id*.  On November 8, 2021, both Lume and the Village filed their respective responses in opposition and in support of The Means Project's Motion.  ECF Nos. 20, 21.  The Means Project filed its reply on November 12, 2021, along with an *ex parte* Motion for Leave to File Excess Pages.  ECF Nos. 22, 23.  For the reasons discussed below the Court will GRANT The Means Project's motions.

1

## II. FACTUAL BACKGROUND

On August 24, 2021, the Village of Pinckney awarded its sole retail cannabis license to The Means Project.  ECF No. 10-2, PageID.146.  That same day, the Village informed The Mean Project's business competitors—including Lume— that they did not win the license.  ECF No. 10-2, PageID.146.  Six days later, Lume filed this action in federal court seeking declaratory and preliminary relief against the Village.  ECF No. 1.

Lume seeks a preliminary injunction enjoining the Village from awarding its cannabis retail license to The Means Project.  ECF No. 1, PageID.15.  It alleges that the Village's licensing system violates the dormant Commerce Clause, Michigan State Constitution, and the Michigan Regulation and Taxation of Marihuana Act ("MRTMA").  ECF No. 1, PageID.9–14.  The Village filed its response on September 22, 2021, and Lume submitted its reply fourteen days later. ECF Nos. 10, 11.  The Court scheduled oral arguments for the preliminary injunction hearing on November 8, 2021 at 11:00 a.m.

A week before the scheduled hearing, The Means Project filed its Motion to Intervene.  ECF No. 13, PageID.273.  The Court subsequently moved the preliminary injunction hearing to December 14, 2021 and set an expedited briefing schedule and hearing on The Means Project's Motion to Intervene.  ECF No. 18, PageID.390.  The parties submitted their briefs supporting and opposing

intervention the week of November 12, 2021.  The Court held a hearing for the

Motion on November 17, 2021.  ECF No. 18, PageID.392.


### III. LAW AND ANALYSIS

The Means Project seeks to intervene as a matter of right pursuant to Federal

Rule of Civil Procedure 24(a).  Rule 24(a) reads in relevant part:

> On timely motion, the court must permit anyone to intervene who …
> claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action
> may as a practical matter impair or impede the movant's ability to
> protect its interest unless existing parties adequately represent that
> interest.

FED. R. CIV. P. 24(a).  The Rule requires prospective intervenors to establish four

elements before a court can grant intervention as a matter of right: "(1) timeliness

of the application to intervene, (2) the applicant's substantial legal interest in the

case, (3) impairment of the applicant's ability to protect that interest in the absence

of intervention, and (4) inadequate representation of that interest by parties already

before the court."  *United States v. Tennessee*, 260 F.3d 587, 591–92 (6th Cir.

2001) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.

1997)).  "The proposed intervenor must prove each of the four factors; failure to

meet one of the criteria will require that the motion to intervene be denied."

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

3

The Court addresses the parties' arguments for and against The Means Project's intervention in accordance with the four factors below.

### A. Timeliness

Timeliness falls soundly within the district court's discretion. *NAACP v. New York*, 413 U.S. 345, 365 (1973). Courts weigh five factors when considering a motion to intervene's timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonable should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Tennessee*, 260 F.3d 587, 591 (6th Cir. 2001) (quoting *Grubbs*, 870 F.2d at 345).

Determining whether a motion to intervene is timely depends on the context upon which it is brought. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472–73 (6th Cir. 2000)).

Here, the five factors weigh in favor of the Court finding the motion to intervene timely. First, The Means Project urges the Court to look at what stage of

4

litigation this matter is in.   ECF No. 23, PageID.423.   When litigation makes "extensive progress … before the [intervenors] moved to intervene," then this first factor weighs against intervention.   *Tennessee*, 260 F.3d at 592.   But Lume's action is still in its early stages.   The Court has not resolved any substantive issues.   Indeed, the motion to intervene is the first matter this Court is addressing.   The stage of litigation factor thus weighs in favor of intervention.

As for The Means Project's purpose for intervention under the second factor, it wishes to protect its interest in the Village's cannabis retail license.   ECF No. 12, PageID.169.   Without the license, The Means Project cannot lawfully operate a retail cannabis business in the Village of Pinckney. The second factor also weighs in favor of finding intervention timely.

Third, the Court looks to "the length of time preceding the [movant's] motion to intervene, during which they know or should have known of their interest in the case."   *Stupak-Thrall*, 226 F.3d at 475.   The Means Project argues that moving to intervene 60 days after the lawsuit commenced is not an untimely delay.   ECF No. 23, PageID.423.   Even though The Means Project admitted to learning about this action in mid-September, case law in the Eastern District supports finding a two month delay timely.   *See United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 268 (E.D. Mich. 1997) (finding a two-month delay "was not a significant length of time between the period the proposed

intervenors knew of their claims and the time they filed their motions to intervene."). The third factor falls in favor of timeliness as well.

Fourth, the Court looks to any prejudice that intervention causes. The focus rests on "the prejudice caused by the untimeliness, not the intervention itself." *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013). Lume argues that permitting intervention now would prejudice it by inhibiting the prompt resolution of this action. ECF No. 21, PageID.405. The parties agree that The Means Project knew about this action in mid-September, ECF No. 23, PageID.426, which is partially why Lume states The Means Project "waited until the eleventh hour" to intervene and delay these proceedings. ECF No. 21, PageID.405. But this argument falls short.

Lume cites *Husted* in support of its prejudice claim, an election law case where the district court denied intervention in part because the prospective intervenor filed its motion one day before the preliminary injunction hearing. *See Serv. Employees Int'l Union, Loc. 1 v. Husted*, 887 F. Supp. 2d 761, 772 (S.D. Ohio Aug. 27, 2012). Election law cases like *Husted* require "prompt resolution" because of upcoming elections. *See Husted*, 887 F. Supp. 2d at 772. Had the court delayed proceedings, the plaintiffs would be prejudiced in trying to exercise their fundamental right to vote. The case exemplifies why courts consider motions to intervene fact specific inquiries.

Lume has not explained how delaying the preliminary injunction hearing and granting intervention will prejudice it.  *See* ECF No. 21, PageID.406.  Without evidence demonstrating Lume's prejudice, the Court cannot confidently conclude it exists.

The final factor is whether any unusual circumstances weigh against granting intervention.  *See Jansen*, 904 F.2d at 340.  Although The Means Project's briefing on the timeliness issues could have been more thorough, the Court declines to find that an unusual circumstance weighing against release.  ECF No. 12, PageID.169.  Accordingly, the Court finds The Means Project's Motion timely because the five factors weigh in favor of timeliness.

### B. Property Interest

The Means Project next claims that it has a substantial legal interest in the instant action because of its property interest in the Village's recreational cannabis license.  ECF No. 13, PageID.273.  The Sixth Circuit "subscribe[s] to a 'rather expansive notion of the interest sufficient to invoke intervention of right.'"  *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (quoting *Miller*, 103 F.3d at 1245).  The legal interest need not be specific.  *Miller*, 103 F.3d at 1245.  Like the Court's timeliness inquiry, considering the substantiality of the claimed interest is fact dependent.  *Id*.

Here, the Court agrees with The Means Project that it has a substantial legal interest in protecting its cannabis retail license.  ECF No. 12, PageID.166.  Lume counters that The Means Project has no valid interest because its license was obtained under an unconstitutional licensing scheme.  ECF No. 21, PageID.412.  However, the Court has not ruled on the constitutionality of the Village's cannabis licensing regime.  Lume then questions whether The Mean's Project's interest in the litigation outcome is sufficient to support intervention.   ECF No. 21, PageID.407.  Yet that interest arose from the cannabis retail license the prospective intervenors won—a license that Lume wants voided in this case.  ECF No. 1, PageID.14.

Additionally, the Sixth Circuit has routinely found business licenses to be valid protected interests.  *See Wojcik v. City of Romulus*, 257 F.3d 600, 610 (6th Cir. 2001) (recognizing that liquor licenses can constitute a property interest); *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1171 (6th Cir. 1990) ("It is undeniable that a liquor license has pecuniary value to its holder since the license enables the holder to sell alcoholic beverages … a liquor license constitutes 'property' or 'rights to property' within the meaning of federal tax lien law.").  Cannabis business licenses provide holders similar benefits to liquor license holders.  The Court therefore finds that The Means Project has a substantial interest in this case.

### C. Impairment of Interest Absent Intervention

The third factor courts consider is whether disposition of the present action would impair or impede The Means Project's ability to protect its interest. *See Jansen*, 904 F.2d at 342 (6th Cir. 1990). The burden is minimal. *See Grutter*, 188 F.3d at 399. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Id*.

Lume avers that its challenge targets the Village's licensing scheme, not "any supposed 'property interest' belonging to The Means Project." ECF No. 21, PageID.406. Even if The Means Project has a property interest, Lume argues, that interest does not concern the constitutional and statutory violations central to this case. ECF No. 21, PageID.412.

First, even though The Means Project's cannabis license is provisional, that is sufficient to have a substantial interest for intervention purposes. *Cf. Grutter*, 188 F.3d at 398. Second, the provisional license is why Lume filed this action. Lume's constitutional and statutory violation claims focus on how the Village awarded its retail cannabis license. ECF No. 1, PageID.9–14. An adverse ruling in this matter could affect The Means Project's ability to enforce its rights in a separate action. The Sixth Circuit has explained "that potential stare decisis effects can be a sufficient basis for finding an impairment of an interest." *Miller*, 103 F.3d

at 1247.  Accordingly, the Court finds that The Means Project has plausibly shown that the disposition of this matter in the absence of The Means Project would impair its interest.

### D. Adequacy of the Village's Representation

Prospective intervenors must also demonstrate that the existing defendant "*may* not adequately represent their interests." *Grutter*, 188 F.3d at 400 (emphasis added).  The burden "is minimal because it is sufficient that the movant[] prove that representation may be inadequate." *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992).  "It may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Miller*, 103 F.3d at 1247.  Indeed, "[t]he proposed intervenors need show only that there is a *potential* for inadequate representation," nothing more. *Grutter*, 188 F.3d at 400.

The Means Project has met its minimal burden to demonstrate that the Village's representation may be inadequate to protect its interests.  Lume correctly notes that both the Village and The Means Project want the Village's cannabis licensing regime upheld.  ECF No. 21, PageID.407–408.  However, the Village and The Means Project have already presented different arguments in support of their opposition to the preliminary injunction.  For example, The Means Project

10

provided substantive arguments in support of the Village's licensing regime not violating the MRTMA. ECF No. 12-3, PageID.226. The Village on the other hand focused its response on Lume's dormant Commerce Clause claim. ECF No. 10, PageID.136–137. The Means Project also briefed arguments suggesting Lume lacks Article III standing, which the Village did not discuss in its response to the preliminary injunction. ECF No. 12-2, PageID.188. The Village also emphasized in its briefs and at the November 17 hearing that it cannot adequately represent The Means Project's interests in this matter. Accordingly, the Court finds that the Village may not adequately represent The Means Project's interests.

### E. Rule 24(c) Pleading Requirement

Lume also argues that the motion to intervene should be denied because it is not accompanied with a Rule 7 pleading. FED. R. CIV. P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."). Rule 24(c) requires motions to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." But the Sixth Circuit "favor[s] a permissive approach" to Rule 24(c), which commands district courts to determine whether "the parties are

11

… on notice as to the grounds asserted for intervention." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005). Challenges grounded on Rule 24(c) must identify "prejudice [that] would result from granting the motion to intervene despite the failure to attach a pleading." *Id*. at 314.

Lume does not argue that The Means Project's failure to attach a proper Rule 7 pleading prejudices it. Indeed, Lume's argument is focused on Rule 24(c) not being strictly followed, and as a result the entire Motion to Intervene should fail. ECF No. 21, PageID.413–414. Lume knows The Mean's Project's position in this action and its grounds for intervention, which are discussed at length in its response brief. *See generally* ECF No. 21. The Court therefore finds Rule 24(c) to not weigh against intervention here.

## IV. CONCLUSION

Accordingly, for the reasons discussed herein, The Means Project's Motion to Intervene [#13] is GRANTED.

The Means Project's *ex parte* Motion for Leave to File Excess Pages [#22] is GRANTED.

The Means Project shall file a Response to Plaintiff's Motion for a Preliminary Injunction no later than <u>November 19, 2021</u>.

A Reply in support of Plaintiff's Motion for a Preliminary Injunction is due

no later than <u>November 29, 2021</u>.

A hearing on Plaintiff's Motion for a Preliminary Injunction shall be held

December 14, 2021 at 3:00 p.m. over Zoom.

**IT IS SO ORDERED.**

Dated:  November 18, 2021                          <u>/s/ Gershwin A. Drain</u>
                                                                      GERSHWIN A. DRAIN
                                                                      UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 18, 2021, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager